**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case Number:19-CIV-22845**

**RAYMOND T. MAHLBERG,**

     **Plaintiff,**

**v.**

**THE FRAGRANCE OUTLET INC,**

     **Defendant.**

_____/

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations, and states as follows.

1.   This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2.   Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3.   Plaintiff is filing this Complaint against Defendant The Fragrance Outlet, Inc. ("Defendant") for injunctive relief, damages, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities

Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Furthermore, because this Court has jurisdiction over the ADA claim, the Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367.

5. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

6. Defendant's failure to design, construct, maintain, and operate its website https://www.fragranceoutlet.com to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

7. Defendant's website https://www.fragranceoutlet.com (the "Website" or Defendant's website). Defendant owns and operates the website and The Fragrance Outlet's headquarter is located in Miramar, Florida 33025.

8. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida FL 32817 brings this action under the Americans with Disabilities Act in Federal Court.

9. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

10. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

11. This case arises out of the fact that Defendant The Fragrance Outlet, Inc. has operated its business in a manner and way that effectively excludes individuals who are visually impaired from access to Defendant's The Fragrance Outlet website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

12. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

14. Plaintiff has attempted to access Defendant's Website in the past, and intends to continue to attempt to access Defendant's Website https://www.fragranceoutlet.com.

15. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://www.fragranceoutlet.com, Plaintiff will continue to be denied full access to The Fragrance Outlet, Inc. website.

16. Venue is proper in the Southern District of Florida, since all Defendant's corporation resides (headquarter-corporate office) is in Miramar-Florida, actions and corporate decisions, in the Southern District of Florida. Pursuant to 28 U.S.C. §1391(b).

17. Plaintiff's claims asserted herein arose in this judicial district.

18. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there are several The Fragrance Outlet, Inc. stores in Orlando area, as well as stores in Palm Beach and Miami area.

19. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. Part 36, and 42 U.S.C. §2000a-3(a) to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

20. Plaintiff also seeks injunctive relief for trespass against the Plaintiff's computer. The computer is Plaintiff's personal property, and a claim for trespass attached to same.

21. The Defendant is also liable for compensatory damages to Plaintiff as a result of the trespass to Plaintiff's personal property.

22. The remedies provided under common law for trespass are not exclusive, and same may be sought in connection with suits brought under the ADA.

23. Defendant owns the stores The Fragrance Outlet, offering designer fragrances and gift sets. The defendant's headquarter is in Florida located in Miami at 11920 Miramar Parkway, Miramar, FL 33025.

24. Plaintiff Mahlberg, is a resident of Orlando, FL 32817. Plaintiff, who is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major

life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104. Plaintiff cannot use the computer without the assistance of a screen reader software.

25. Defendant is The Fragrance Outlet a Florida for profit LLC.  Defendant is the owner and operator of a chain of stores under the brand "The Fragrance Outlet" and there are over 100 stores in the US. Including the stores in Orlando, 4967 International Dr., Orlando International Premium Outlets; 4959 International Dr.;8200 Vineland Ave and 8174 Vineland Ave, Orlando.

26. Upon information and belief, at all times material hereto, Defendant owns, operates, and/or manages the day-to-day affairs and stores of The Fragrance Outlet and integrated online store https://www.fragranceoutlet.com, which are operating within Orange, Palm Beach, Broward, Miami-Dade counties in the State of Florida.

27. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

28. Each of Defendant's The Fragrance Outlet stores are open to the public and each is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

29. Defendant's The Fragrance Outlet website is a place of public accommodation per 42 U.S.C. Section 12181(7)(E) because it's an extension of Defendant's brick and mortar stores. The public is able to locate the Defendant's retail stores and allows consumers to purchase products, like: fragrances, cosmetics, after shaving, designer perfumes, gift kits, as well as  view items available at defendant's stores, and create an account, and locate  The Fragrance Outlet stores through Defendant's website.

30. Defendant    The    Fragrance    outlet    hosts    its    e-commerce    website https://www.fragranceoutlet.com with third-party Shopify. Defendant has control over its website, and/or operates his web pages, including image and data content. Defendant owns and operate the domain name www.fragranceoutlet.com, and published on at least one web server; namely the domain located at a website called https://www.fragranceoutlet.com ("Website").

31. Defendant's Website is offered by Defendant as a way for the public to communicate with The Fragrance Outlet merchandise.  Defendant's Website also permits the public to register-create an online account to access goods and services available at The Fragrance Outlet brick-mortar stores, as well as, gift kits, create an account, order and locate The Fragrance Outlet, Inc. stores.

32. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated. By this nexus/relationship between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

33. Plaintiff is a customer of The Fragrance Outlet merchandise, through his internet inquiries, and his intent to patronize The Fragrance Outlet stores, not only online as Plaintiff

intends to patronize the physical locations of the Fragrance Outlet, as Plaintiff monthly purchase cosmetics and perfumes at stores near to Plaintiff's residence in Orlando.

34. As a result of Plaintiff being legally blind, Plaintiff uses screen reader software. Before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of The Fragrance Outlet store locations, Plaintiff went to Defendant's Website https://www.fragranceoutlet.com to learn (1) how to navigate to and from Fragrance Outlet locations; (2) the cost of The Fragrance Outlet merchandise available for sale; (3) times and hours of operation at The Fragrance Outlet stores in his area so he can arrange transportation with the intent of purchasing Fragrance Outlet merchandise, (4) Locate Fragrance Outlet stores near Plaintiff's place in Orlando, FL 32817 and  (5) create an online account and track his order before going to pick it up at the store, (6)exclusive online deals on cosmetics, after-shaving and new arrivals of male fragrances, (7) read the Privacy Policy and (8) return policy.

35. Like most consumers, Plaintiff accesses numerous websites at a time to compare merchandise and prices, sales, discounts, and rewards programs. Plaintiff may look at several dozens of sites to compare features and prices.

36. During the plaintiff's several visits to the website using JAWS (computer), and NVDA, occurring in June 30, 2019 and the last in July 06, 2019, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in Orlando-Florida near to Plaintiff's place.

37. Plaintiff was impeded to patronize The Fragrance Outlet stores by Plaintiff being unable to learn about The Fragrance Outlet location addresses, hours, products and services available for purchase, and the ability to create an online account, read the Return Policy, among other things readily available to sighted individuals.

38. Plaintiff also intended to use The Fragrance Outlet Website in order to purchase gift kits (https://www.fragranceoutlet.com /). However, when Plaintiff went online to purchase a gift kit, he was unable to complete the transaction. Neither locate a The Fragrance Outlet store near him.

39. Plaintiff called Defendant The Fragrance Outlet's store to inquire about male shaving kits, male fragrances, cosmetics, and find the nearest store location, in **Orlando** by Plaintiff's home at FL 32817. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

40. Following communications with Defendant's Fragrance Outlet representative, Plaintiff attempted to utilize Defendant's Website https://www.fragranceoutlet.com as instructed by Defendant's representative.

41. Defendant's Website https://www.fragranceoutlet.com was inaccessible, so Plaintiff could not (among other things):

a. Find out about how to register and create an account online to purchase The Fragrance Outlet gift kit and pick up at the nearest store;

b. Shop and purchase The Fragrance Outlet designers' cosmetics and fragrances online and pick it up at the nearest The Fragrance Outlet store;

c. Learn about The Fragrance Outlet merchandise inventory for the purpose of then going to a local The Fragrance Outlet store to try on new fragrances and purchase   The

Fragrance Outlet designers' cosmetics, shaving creams and fragrances. As well as locate The Fragrance Outlet to stores and opening hours. Plaintiff is a perfume collector and makes monthly purchases of new fragrances.

42. The failure to obtain the information needed precluded Plaintiff's ability to patronize The Fragrance Outlet stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired shopping activity.

43. In this technological era, Defendant's provision of a Website is an essential part of the services offered by its stores, because The Fragrance Outlet website and stores are heavily integrated, providing customer service to the public as part of The Fragrance Outlet stores services, privileges and benefit to the public.

44. By this nexus, the website https://www.fragranceoutlet.com is characterized as an intangible service, privilege and advantage provided by The Fragrance Outlet a place of Public Accommodation (Fragrance Outlet's stores) as defined under the ADA, and thus its website is an extension of The Fragrance Outlet services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

45. Defendant's Website is not designed with consideration for Universal design[2]. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website.

---

[2]Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

46. Plaintiff's expectation of participating in Fragrance Outlet website, services and privileges was eliminated since he could not access Defendant's https://www.fragranceoutlet.com website at all to avail himself of the latest services which Defendant offers to the public.

47. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://www.fragranceoutlet.com.

48. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://www.fragranceoutlet.com website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

49. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages/data contained therein, left Plaintiff excluded from accessing The Fragrance Outlet merchandise, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs (such as in this case purchasing clothing) in a manner equal to that afforded to others who are not similarly disabled.

50. Plaintiff's inability to fully use Defendant's Website and the electronic pages/data therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

51. Plaintiff cannot make proper arrangements for transportation of himself to The Fragrance Outlet nearest store location to Plaintiff's residence in Orlando-FL 32817, without

the ability to know in advance The Fragrance Outlet merchandise, goods and gift kits which is available online through Defendant's Website for pickup at the store.

52. Plaintiff also faces a great degree of uncertainty at not being able to view Defendant's The Fragrance Outlet merchandise fragrances' prices in advance which information is available online through Defendant's Website https://www.fragranceoutlet.com. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to Defendant's The Fragrance Outlet store location in Orlando Florida, Plaintiff is effectively denied the ability to physically travel to Defendant's The Fragrance Outlet store.

53. Plaintiff has a concrete plan to regularly purchase at The Fragrance Outlet when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services at The Fragrance Outlet store.

54. By denying Plaintiff the opportunity to comprehend its Website and electronic pages therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

55. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

56. On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

57. On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website and the electronic documents therein.

58. On information and belief, Defendant has not offered any form of electronic website in an accessible format for blind or visually impaired individuals.

59. On the information and belief, at all times material hereto, Defendant The Fragrance Outlet, since the Website is open through the internet to the public as an extension of the retail stores, the Website is an intangible service, privilege and advantage of Defendant's brick and mortar locations, and Defendant has subjected itself and the associated Website https://www.fragranceoutlet.com it created and maintains to the requirements of the ADA.

60. Thus, Defendant, The Fragrance Outlet has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

61. All Public Accommodations must ensure that their p*laces of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

62. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

63. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

64. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as places of public accommodation under Title III.

65. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

66. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare and obtain The Fragrance Outlet merchandise, to purchase a The Fragrance Outlet gift kit and locate nearest stores.

67. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

68. The Website is also a p*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase The Fragrance Outlet merchandise/gift  kits online through the Website (which meets the definition of "sales establishment").

69. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

70. Types of website source-code programming errors include (but are not limited to) *(i) Programming Error Types*, which are easily identifiable and correctable, *(ii) Programing*

*Alert Error Types*, which are prone to making the website inaccessible, and *(iii)* Design Errors (DEs) that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

71.   A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of PETs, easily identifiable and correctable, which occur throughout the Website such as:

a.   Identify row and column headers in data tables using the elements.

b.   Each element must contain text or an img with an alt attribute;

c.   Image elements must have an ALT description, and not word "image";

d.   Form control has no label and no programmatically determined name.;

e.   A form control does not have a corresponding label;

f.   iframe and frame elements must have title attributes.

72. Further, the Website contains various types of PATs, prone to making the website inaccessible, which occur throughout the Website, such as:

a.   Form field labels should be unique on a page, or enclosed in a field set with a legend that makes the label unique.

b.   The CSS outline or border style on this element makes it difficult or impossible to see the dotted link focus outline;

c.   A heading should not be empty;

d.   Adjacent links go to the same URL.

73. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

74. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

75. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant The Fragrance Outlet.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

76. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

77. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

78. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.fragranceoutlet.com website which is defined within §12181(7)(E), and is subject to the ADA.

79. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information needed to shop at a The Fragrance Outlet store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained therein to be accessible to visually impaired individuals

impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

80. The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress" intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

81. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

82. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

83. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally

alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

84. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

85. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.303 to remedy the discrimination.

86. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

  a.  Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.fragranceoutlet.com website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III ADA Part 36.

  b.  Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating The Fragrance Outlet stores (locations) and becoming informed of and signing up for an account at The Fragrance Outlet to be able to shopping for The Fragrance Outlet merchandise online, and electronic information provided to the public within

Defendant's Website. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36.

## **DEMAND FOR RELIEF**

87. Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "The Fragrance Outlet" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. Enter an Order requiring Defendant to update its https://www.fragranceoutlet.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

b. Enter an Order for permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all Electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be

18

determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.  The Court to award Plaintiff reasonable attorney's fees, costs and litigation expenses; such as other and further relief as the Court deems just and equitable.

## COUNT II – COMPUTER TRESPASS

88. Plaintiff re-alleges paragraphs 1 through 84 as if set forth herein.

89. Defendant's website contains software analytics, cookies and web beacon. Since Plaintiff has navigated Defendant's website as stated herein, Plaintiff's computer and the personal information (PII) and IP, email and browsing history stored therein, has suffered a trespass by Defendant.

90. Plaintiff never consented to and was aware that Defendant's website was placing software on his computer.

91. Defendant committed common law trespass in violation of Florida law against Plaintiff because Plaintiff did not consent to the placement of tracking and information securing software on his personal computer, which was done without his knowledge and consent.

92. Defendant's trespass has damaged Plaintiff by affecting the condition and value of his computer.

93. On its website, Defendant has an internet privacy policy section that can only be accessed by clicking a barely visible section at the bottom of the page called "Privacy Policy", providing that they use cookies and similar technologies to collect a consumer's information and they obtain unauthorized and without consent non-public information from their users for their own advertising and marketing purposes by placing software on its website that collects

a website user's preferences and internet browsing habits as follows: (complete Privacy Policy is attached to this complaint as Exhibit A).

SECTION 1 - WHAT DO WE DO WITH YOUR INFORMATION?

"…we collect the personal information you give us such as your name, address and email address… we also automatically receive your computer's internet protocol (IP) address in order to provide us with information that helps us learn about your browser and operating system."

SECTION 2 – CONSENT

How do you get my consent? "…we imply that you consent to our collecting it and using it"

SECTION 3 – DISCLOSURE

"We may disclose your personal information if we are required by law to do so or if you violate our Terms of Service."

SECTION 5 - THIRD-PARTY SERVICES

"In general, the third-party providers we use will only collect, use and disclose your information to the extent necessary to allow them to perform the services they provide to us."

SECTION 7 – COOKIES

"Below is a list of cookies that we use. We've listed them here so you that you can choose if you want to opt-out of cookies or not.

  _session_id, unique token, sessional, allows us to store information about your session (referrer, landing page, etc).

  _shopify_visit, no data held, Persistent for 30 minutes from the last visit, Used by our website provider's internal stats tracker to record the number of visits.

_shopify_uniq, no data held, expires midnight (relative to the visitor) of the next day, Counts the number of visits to a store by a single customer.

cart, unique token, persistent for 2 weeks, Stores information about the contents of your cart.

_secure_session_id, unique token, sessional.

storefront_digest, unique token, indefinite If the shop has a password, this is used to determine if the current visitor has access."

94.  Due to Plaintiff's disability, he could not understand Defendant's website and he could not give informed consent to Defendant's installation of data and information tracking software on his computer.     Defendant also could not give informed consent to Defendant's collection of his browsing history and the placement of analytics on his computer.

95. Thus, Plaintiff has no adequate remedy at law to redress Defendant's knowing and reckless disregard for Plaintiff's right to exclude others from his computer and determine which programs should be installed and operated on his computer.

96. For all of the foregoing, the Plaintiff has no adequate remedy at law.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for Plaintiff's damages, interest, attorney's fee, costs, and such further relief as the Court deems just and equitable.

Dated this 10th day of July 2019.          Respectfully submitted,

*s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of July, 2019 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.